UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE D'SHANN DODD, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTION, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-029-RLM-MGG |

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, sent the court a letter, which the court construes as a request for injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case," Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020), but "a mere possibility of success is not enough." *Id*. at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction

based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. NRDC, 555 U.S. at 22.

Mandatory preliminary injunctions – "those requiring an affirmative act by the defendant"– are "cautiously viewed and sparingly issued." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). The court's ability to grant injunctive relief in the prison context is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Mr. Dodd says he is in pain and great danger "due to being tormented and being killed by chemical agents and by the government and the Indiana State Prison by way of being radiated by a[n] airstrike by the United States air craft on July 28, 2020." ECF 12 at 1. Mr. Dodd claims he is being electrocuted by a "trick mattress" and by "electrical beams of electricity coming out of the cell walls." *Id*. He says chemical agents are being shot into his "body, penis, and anus" and that he is being stabbed in his "eyes, penis hole, and brain, and making holes, and marks all over [his] body and face." *Id*. According to Mr. Dodd, someone is "trying to rip [his] anus wide open and trying to pull [his] balls up into [his] stomach trying to turn [him] into a woman" using "some type of electrical current apparatus," all because he filed lawsuits. *Id*. He claims this has been going on since 2018 and that he is being sexually

2

assaulted and physically abused by these "cell-gadgets." *Id*. He asks the court to "please help" and "get involved." *Id*.

Although his complaint hasn't yet been screened, the allegations in it relate to the denial of access to the courts, and Dodd requests monetary relief against various individual defendants. The allegations contained in his letter go well beyond the scope of the issues presented in his complaint, so there's no chance he will succeed on the merits even if he is ultimately granted leave to proceed on an access to the courts claim. He can't amend his complaint by filing a request for injunctive relief. *See* FED. R. CIV. P. 15; *see also* N.D. IND. L.R. 15-1 (requiring that an amended pleading "reproduce the entire pleading as amended"). Even if he could, the allegations contained in the letter are clearly baseless because they are "fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (quotation marks and citations omitted). Our court of appeals has determined "no evidentiary hearing is required in a prisoner's case (or anyone else's, for the matter) when the factual allegations are incredible." Gladney v. Pendleton Correctional Facility, 302 F.3d 773, 774 (7th Cir. 2002); *see also* Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

For these reasons, the requests contained in the letter (ECF 17), which the court has construed as seeking preliminary injunctive relief, are DENIED.

SO ORDERED on November 9, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT