UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE D'SHANN DODD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-029-RLM-MGG |
| INDIANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation marks

and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See* Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When the plaintiff references and relies on it, "the contents of that document become part of the complaint and may be considered as such when the court [determines] the sufficiency of the complaint." Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

Mr. Dodd claims various officials at the Indiana State Prison have denied him access to the courts. Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that

2

actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Mr. Dodd alleges he began litigating a successive claim for post-conviction relief in April 2018 while incarcerated at the Miami Correctional Facility. *See* ECF 1 at 4 (citing to Indiana appellate case Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018, and trial court case State of Indiana v. Dodd, cause no. 45G02-9811-CF-000211, filed Nov. 7, 1998).[1] He states that the petition sought to challenge his 2001 murder conviction and sixty-year sentence on the ground that the original trial court lacked subject matter jurisdiction to "dispos[e]" of the case. *Id.* at 5. He was transferred to the State Prison in May of 2018, where he continued to litigate his claim and where remains incarcerated. On June 15, 2018, the Indiana

---

[1] Both available online at: https://public.courts.in.gov/mycase/# (last visited on Mar. 15, 2022).

appellate court denied Mr. Dodd's successive petition for post-conviction relief, finding he had "failed to establish a reasonable possibility that Petitioner is entitled to post-conviction relief," and, accordingly, declined to authorize the filing of the petition. *Id.*; *see also* Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018, at Order dated 6/15/2018. Mr. Dodd had filed a motion to withdraw his petition before that order was issued, but the appellate court didn't receive the motion until a few days before petition was denied, so the court determined the motion to withdraw was moot on June 22, 2018. *See id.* at 5–6; *see also* Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018, at Order dated 6/22/2018. In July, Mr. Dodd submitted a petition for rehearing, but it was deemed defective for various reasons. *Id.* at 6; *see also generally* Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018, at Chronological Case Summary (CCS). Mr. Dodd claims State Prison law library supervisor (and defendant) Bessie Leonard, "interfered tremendously" with his access to the courts during this time because he didn't receive any more legal mail until August 28, 2018. *Id.* at 7.

In September 2018, Mr. Dodd tendered an amended petition that was deemed untimely, tried to cure the defects several times, and filed an objection to the dismissal order. *Id.* at 7–8. On October 12, 2018, the Indiana appellate court construed the objection as a motion to file a belated petition for rehearing, granted the motion, directed the clerk to file the belated petition as of the date of the order, and denied the amended petition for rehearing. *Id.* at 7–9; *see also* Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018, at Order dated 10/12/2018.

4

The record defeats any claim that Ms. Leonard somehow denied Mr. Dodd access to the courts by delaying his legal mail, because it is clear the Indiana appellate court received the amended petition for rehearing, considered it despite its untimeliness, and decided it on the merits. Even taking Mr. Dodd's vague assertions on their face as true, the result was a brief delay in his post-conviction proceedings rather than some form of substantial prejudice necessary to demonstrate injury. *See* Johnson v. Barczak, 338 F.3d 771, 773 (2003) ("[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation.") (quotation marks omitted). In Johnson, the our court of appeals found a delay of more than a year didn't constitute actual injury because there was no indication the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id*. Likewise, any short delay in receiving legal mail between July and August of 2018 can't be said to have adversely impacted Mr. Dodd's post-conviction proceedings because the state court of appeals ultimately excused the delay. *See* Edwards v. Snyder, 478 F.3d at 830 (plaintiff can plead himself out of court if he pleads facts that preclude relief).

Mr. Dodd also alleges Ms. Leonard denied him access to a typewriter on October 25, 2018. He claims he needed this typewriter to file petition for a writ of certiorari to the Supreme Court of the United States related to the October 12 denial of his petition for rehearing within the 90-day deadline. Mr. Dodd insists the petition needed to be typed according to Supreme Court Rule 33 and that Ms. Leonard violated his rights when she refused to provide him access to one. He grieved the issue within the prison, but the grievance was denied. He was informed that State Prison doesn't

5

loan out typewriters and that the Supreme Court would accept a hand-written petition for a writ of certiorari.

The Rules of the Supreme Court of the United States indicate a petitioner seeking certiorari who is proceeding *in forma pauperis* pursuant to Rule 39 should prepare the petition according to Rule 33.2 and in accordance with Rule 14. *See* Sup. Ct. R. 12.2 & 12.3.[2] Rule 33.2 provides that the "text of every document" must appear "double spaced, except for indented quotations." Sup. Ct. R. 33.2. However, an exception is made for those petitioners proceeding *in forma pauperis*, as Rule 39 notes that documents "shall be prepared as required by Rule 33.2 (*unless such preparation is impossible*)." Sup. Ct. R. 39.3 (emphasis added). In such a case, "document[s] shall be legible" and must comply with the "*substance*" of the Rules to be filed by the Clerk. *Id*. Accordingly, it isn't plausible the denial of a typewriter caused Mr. Dodd substantial prejudice, considering he was permitted to file a legible, hand-written petition if he so chose.[3] *See e.g.* Lewis v. Casey, 518 U.S. at 351 (actual injury caused by the defendants' unconstitutional acts is required); *see also* Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009) (prisoner alleged denial of access to legal materials prevented him from filing a motion, but the court found he hadn't adequately

---

[2] The Rules of the Supreme Court of the United States that were in effect during the time period in question are available at: https://www.supremecourt.gov/filingandrules/2019RulesoftheCourt.pdf (last accessed Mar. 15, 2022).

[3] According to the complaint, it appears Mr. Dodd chose to spend most of the time between October 25th and the alleged deadline pursuing the typewriter issue through the grievance system rather than submitting a hand-written petition, but that does not change the court's analysis.

articulated the connection between the denial and an inability to pursue a legitimate legal claim).

Mr. Dodd filed a motion for extension of time to file his petition for a writ of certiorari on December 28, 2018. On January 9, 2019, Mr. Dodd handed defendant Sara McCormick an envelope with his petition for a writ of certiorari in it,[4] and asked her to mail it to the Supreme Court. She declined and told him to e-file the document instead. That same day, he learned Ms. Leonard had filed his motion for extension of time in the Southern District of Indiana, which was the "wrong federal court." ECF 1 at 11. Realizing his motion for extension hadn't been properly processed, he asked Ms. McCormick to immediate retrieve his petition for a writ of certiorari from the law library so the same mistake wouldn't be made again. She didn't give the petition back to Mr. Dodd until January 10, 2019, which Mr. Dodd says was the date after the alleged deadline.[5] He asked Ms. McCormick to mail it at 7:30 a.m., but she refused, so he handed it to Officer Mesa, who happened to walk down his housing unit, at 8:00 a.m. He claims when he received the remittance slip for it several days later, Ms. McCormick had changed the date from January 9, 2019, to January 11, 2019, in an effort to "further sabotage" him. *Id*. at 12. Mr. Dodd filed formal grievances about the incidents with defendant Joshua Wallen, the grievance executive assistant at the State Prison, but they were denied. He believes the defendants' actions kept him from accessing the courts which "caused [him] to [forfeit] further litigation within the

---

[4] Mr. Dodd does not indicate whether the petition was hand-written or typed.

[5] According to the court's calculations, however, 90 days after October 12th would have been January 10, 2019.

7

United States Supreme Court and within further litigation of and involving [his] criminal cause number 45G02-9811-CF-00211 of Lake Superior Court of a (60) sixty year void conviction and sentencing." *Id.* at 15.

Even if the Supreme Court would have had proper jurisdiction over Mr. Dodd's petition for a writ of certiorari—a fact that seems unlikely given the requirements of 28 U.S.C. § 1257—Mr. Dodd's claims against Ms. Leonard and Ms. McCormick would still fail because he hasn't plausibly alleged the defendants' specific conduct caused prejudice to a potentially meritorious legal claim. With regard to that legal claim, Mr. Dodd alleges only that the trial court "lack[ed] subject matter jurisdiction by disposing the petitioner's [] judgment of conviction and sentence violating the petitioner's Fourteenth and Fifth Amendments." ECF 1 at 5. Such sparse allegations do not plausibly permit the inference that Mr. Dodd's legal claim was potentially meritorious. *See* Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d at 602 (to survive dismissal, complaint must state a claim for relief that is plausible on its face).

The court has reviewed Mr. Dodd's petition for a successive claim of post-conviction relief and his petition for rehearing filed in Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018. His arguments that the trial court lacked jurisdiction to issue the sentence—which allegedly rendered the conviction void—are frivolous.[6] In his petition for a successive claim of post-conviction relief, Mr. Dodd

---

[6] The court can take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; Daniel v. Cook Cty., 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). Because these documents are available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of both filings to this order.

8

argued the Indiana Superior Court had original jurisdiction over the crimes described in cause number 45G02-9811-CF-000211 but that the Lake County Superior Criminal Court that entered the conviction and sentence did not. Although Mr. Dodd's petition didn't explain why he believed that to be so, he referred to several exhibits including: (1) an order dated June 15, 2001, signed by Lake County Superior Court Judge Clarence D. Murray, indicating Mr. Dodd had been found guilty of murder by a jury verdict and setting the matter for sentencing; (2) an order dated July 18, 2021, signed by the same judge sentencing Mr. Dodd to sixty years in prison; (3) what appears to be the state court chronological case summary from that case; and (4) an order dated November 7, 1998, by Lake County Superior Court Magistrate Judge T. Edward Page, noting that probable cause for murder had been found based on the information and probable cause affidavit and issuing a warrant for Mr. Dodd's arrest. *See* Petition for Permission to File Successive Verified Petition for Post-Conviction Relief, filed Apr. 11, 2018, at pp. 7–8, 16–25, Indiana appellate case Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018. Nothing in those exhibits remotely suggests the trial court lacked jurisdiction over his case.

Mr. Dodd's petition for rehearing reiterated his contention that the trial court lacked subject matter jurisdiction over his claims, arguing again that the trial court could not "dispose" of his case and explaining this was because he had never been given the chance to "sign[] the State of Indiana's charging information, dated November 7, 1998." *See* Petition for Rehearing, filed Oct. 12, 2018, at p. 14, Indiana appellate case Dodd v. State of Indiana, cause no. 18A-SP-00954, filed Apr. 11, 2018.

9

The Indiana Code doesn't require that criminal defendants sign the documents charging them with crimes. *See generally* Ind. Code § 35-34-1. Because these claims are frivolous, Mr. Dodd's complaint will be dismissed in its entirety. *See* Johnson v. Barczak, 338 F.3d at 772 (The hindrance of a frivolous claim "does not result in actual injury and thus cannot give rise to [a] claim for denial of access to the courts.") (citation omitted); *see also* Morris v. Dickman, 791 Fed. Appx. 607, 610–611 (7th Cir. 2019) (prisoner sued a clerk of court and state officials for allegedly causing his petitions for writs of mandamus to fail by making mistakes in docketing and filing—or not filing—documents in his cases, but the court found dismissal was appropriate because the errors did not actually "prevent him from litigating his claims in court" and because his complaint did not sufficiently allege the filings at issue presented a "potentially meritorious challenge").[7]

In sum, this complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile."

---

[7] To the extent Mr. Dodd might be trying to bring claims against Mr. Wallen for processing his grievances, he can't do that. *See* Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016) (alleged mishandling of grievances does not give rise to constitutional claim). Nor may he bring claims against the Indiana Department of Correction because this state agency has Eleventh Amendment immunity in federal court. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019). Furthermore, although he names Correctional Officer Richard Houston, Counselor Mathis, and Correctional Officer Hale in the caption of his complaint, they are not mentioned anywhere in the body of the complaint, so he has not stated any claims against them. *See* George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). Amendment of this complaint would futile for the reasons previously explained.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Clerk is DIRECTED to attach a copy of Jermaine D'Shann Dodd's Petition for Permission to File Successive Verified Petition for Post-Conviction Relief and Petition for Rehearing to this order.

SO ORDERED on March 16, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT